**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) COCO REED, )<br>        )<br>    **Plaintiff** )<br>        )<br>    v.   )<br>        )<br>1) TRINITY INDUSTRIES, )<br>A foreign, for-profit corporation, )<br>        )<br>    **Defendant.** )<br>        ) | Case No. 4:17-cv-00131-CVE-TLW |

**DEFENDANT TRINITY INDUSTRIES
<u>NOTICE OF REMOVAL</u>**

Defendant Trinity Industries ("Trinity" or "Defendant")[1] hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Northern District of Oklahoma, and as grounds therefor states:

**I.  TIMELINESS OF REMOVAL**

On or about October 19, 2016, Plaintiff Coco Reed ("Plaintiff") filed a civil action against Defendant in the District Court in and for Tulsa County, State of Oklahoma, Case No. CJ-2016-3802.  Pursuant to 28 U.S.C. § 1446(a) and LCvR81.2, copies of all documents filed or served in this case, along with a docket sheet of the matter are attached hereto as Exhibit "1". Defendant was served with the Petition on February 23, 2017.  Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

---

[1] At all times relevant to the allegations in the Complaint, Plaintiff was employed by Trinity Containers, LLC.  Thus, the proper Defendant in this matter is Trinity Containers, LLC.  Trinity Industries, Inc. is merely the parent company of Trinity Containers, LLC.

## II.  VENUE

The District Court in and for Tulsa County, State of Oklahoma is located within the Northern District of Oklahoma. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.  FIRST BASIS FOR REMOVAL: DIVERSITY JURISDICTION

This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

### A.  The Amount in Controversy Exceeds $75,000

This is an action to recover damages for wrongful termination in violation of Oklahoma public policy.  Plaintiff seeks damages "in an amount in excess of $75,000."  [Petition, Prayer] Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.  Complete Diversity of Citizenship Exists between Plaintiff and the Properly Named Defendants

Plaintiff is a citizen of the State of Oklahoma.  [Petition, ¶1]  Defendant is a corporation organized under the laws of the state of Delaware, and having its principal place of business in Dallas, Texas, and therefore is a citizen of Delaware and Texas within the meaning of 28 U.S.C. § 1332. [Declaration of Bryan Stevenson, ¶4, attached hereto as Exhibit "2"]  At all times relevant to the allegations in the Complaint, Plaintiff was employed by Trinity Containers, LLC.  Trinity Containers, LLC is a limited liability company organized under the laws of the

State of Delaware, and having its principal place of business in Dallas, Texas. [Stevenson Decl., ¶5, Ex. "2"]

## IV.  SECOND BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Petition alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII"), and asserts related claims under the Oklahoma Anti-Discrimination Act ("OADA"). By asserting claims under federal law, namely, Title VII, Plaintiff's Petition asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## V.  SUPPLEMENTAL JURISDICTION

This Court has supplemental jurisdiction over Plaintiff's state law claims for alleged violation of the OADA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Here, Plaintiff's state law claims for race and gender discrimination, hostile work environment, and retaliation under the OADA are substantively identical to Plaintiff's claims under Title VII. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims

neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## VI.   CONSENT OF ALL DEFENDANTS

Trinity is the only named Defendant in this matter.

## VII.   CONCLUSION

In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the District Court in and for Tulsa County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

*/s/ Stephanie Johnson Manning*
EVA W. TURNER
Texas Bar No. 24051485
eva.turner@ogletreedeakins.com
STEPHANIE JOHNSON MANNING
Oklahoma Bar No. 18741
Texas Bar No. 24099422
stephanie.manning@ogletreedeakins.com
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX  75225
214.987.3800
214.987.3927 (Fax)

Victor F. Albert
Oklahoma Bar No. 12069
victor.albert@ogletreedeakins.com
101 Park Avenue Building
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
405.546.3774
405.546.3775 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March, 2017, I filed the foregoing with the Clerk of the Court using the ECF filing system, which will send notification of such filing to the following:

Benjamin Oxford

*/s/ Stephanie Johnson Manning*
Stephanie Johnson Manning

28987539.1